UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

HAROLD ALEXANDER BRUNSON,
          *Defendant-Appellant.*

No. 02-4138

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CR-01-50)

Submitted: November 22, 2002

Decided: December 13, 2002

Before NIEMEYER, LUTTIG, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Michael A. MacKinnon, Greenville, South Carolina, for Appellant.
Regan Alexandra Pendleton, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Harold Alexander Brunson pled guilty pursuant to a written plea agreement to four counts of various drug and firearm offenses on August 27, 2001. The district court sentenced Brunson to a 108-month term of imprisonment. Brunson's counsel filed a timely appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues presented on appeal but raising the questions whether the district court fully complied with Fed. R. Crim P. 11 and whether Brunson's plea was knowing and voluntary.* This court closely scrutinizes the Rule 11 colloquy and attaches a strong presumption that the plea is final and binding if the proceeding was adequately conducted in conformance with Rule 11. *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992). We conclude the court followed the requirements of Rule 11 and that Brunson knowingly and voluntarily entered into his plea.

Brunson's plea hearing was conducted in conformity with Rule 11, and nothing on the record indicates his plea was not knowing or voluntary. The district court thoroughly examined Brunson's competence and comprehension of the charges levied against him as well as the voluntariness of his plea. Further, it informed Brunson of his maximum sentence and fine exposure and fully explained his rights at trial and the Government's burden should he decide to forego his plea. The court also carefully explained the sentencing requirements for each count. Finally, the court developed an adequate factual basis for the plea and took care to insure Brunson pleaded guilty to the Government's factual proffer and the allegations in the indictment. Brunson was advised by counsel at all times. Nothing in his responses indicated confusion or lack of awareness during the plea hearing. His plea was thus entirely knowing and voluntary.

We have examined the entire record in this case in accordance with the requirements of *Anders* and find no meritorious issues for appeal.

---

*Brunson has been notified of his right to file a pro se supplemental brief, but he has not done so.

Accordingly, we affirm Brunson's conviction and sentence. We deny Brunson's pro se motion for a stay.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*